IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LUCINDA S. HARDIN,
      Plaintiff,

vs.                              Case No. 5:09cv94/RH/EMT

MICHAEL J. ASTRUE,
      Commissioner of the
   Social Security Administration,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Lucinda S. Hardin initiated this action by filing a complaint for judicial review of a final decision of the Defendant Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401–34, and for Supplemental Security Income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381–83 (Doc. 1). The action was referred to the undersigned magistrate judge—pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D) and 72.3 of this court relating to review of administrative determinations under the Act—for all proceedings, including preliminary orders, conduct of necessary hearings, and filing of a report and recommendation containing proposed findings of fact and conclusions of law and recommending disposition of the complaint.

Now before the court is the Commissioner's Amended Motion to Dismiss and brief and exhibits in support, which motion is based upon an assertion that Plaintiff failed to timely seek review in this court (Doc. 12 & Attachs). Plaintiff responded in opposition to the motion (Doc. 17) and, at the court's direction, Defendant filed a reply to Plaintiff's response (Doc. 19). Because the Commissioner submitted a declaration and exhibits in support of his motion, and Plaintiff attached affidavits to her response, the parties were advised that the Commissioner's motion would be considered as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Doc. 22). The parties were also advised of the importance and ramifications of Rule 56

summary judgment consideration, given notice that summary judgment review would be conducted on September 7, 2010, and advised that additional evidentiary materials could be submitted prior to September 7 (*id.*). Following the court's advisement, neither party submitted additional materials, and the deadline for doing so has passed. Thus, the Commissioner's motion for summary judgment is now ripe for consideration. As set forth below, the court recommends that the Commissioner's motion for summary judgment be granted.

I.     BACKGROUND and MATERIAL FACTS

Plaintiff protectively filed applications for DIB and SSI on July 14, 2003, alleging a disability onset date of December 13, 2001 (*see* Doc. 1 at 2). Her applications were denied initially and upon reconsideration, after which a hearing was held before an Administrative Law Judge ("ALJ") (*id.*). The ALJ subsequently issued an unfavorable decision, finding that Plaintiff was not entitled to benefits (*id.*). Plaintiff then requested review with the Appeals Council, which request was denied (*id.* at 2–3).[1] The following facts, relevant to the Commissioner's motion for summary judgment, are undisputed and established by exhibits in the summary judgment record. The ALJ's decision denying Plaintiff's claim for benefits was issued on November 7, 2006 (Doc. 12-7 at 3, 9–19).[2] On the same day a notice of the ALJ's unfavorable decision was mailed to Plaintiff, and a copy of the notice was mailed to Kimberly Syfrett, Plaintiff's attorney during the administrative phase of her claim for benefits (*id.* at 3, 6–8; Doc. 17-2). Plaintiff's notice was mailed to her at the following address: 6408 Pinetree Trail, Panama City, Florida 32404 (Doc. 12-7 at 6). Attorney Syfrett's copy of the notice was mailed to her at the following address, which is the only address used by her law firm during the relevant time: 25 West Oak Avenue, Panama City, Florida 32401 (Doc. 12-7 at 8; Doc. 17-3).[3] The notice advised Plaintiff that she could seek review by the Appeals Council of the ALJ's unfavorable decision and that such review must be sought within sixty days of receipt of the notice (Doc. 12-7 at 6). By letter dated December 4, 2006, Attorney Syfrett requested review by the

---

[1]  Although the foregoing facts are undisputed, they are not part of the summary judgment record.

[2]  The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned. Additionally, it is noted here that any reference to Doc. 12-7, pages 1–5, refers to the declaration of Earnest Baskerville, the Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review of the Social Security Administration (Mr. Baskerville's declaration is an unsworn statement which was submitted pursuant to 28 U.S.C. § 1746 as being true under the penalty of perjury) (*see* Doc. 12-7 at 5).

[3] Instead of repeating address information with regard to future mailings, it is noted here that the same addresses were used by the Appeals Council in every mailing to Plaintiff and/or Attorney Syfrett referenced in this Report.

Appeals Council; she also requested a copy of the audiotape of Plaintiff's hearing before the ALJ, held July 11, 2006 (*id.* at 3, 20–21). On the form used for requesting review, sent along with Attorney Syfrett's letter, she provided the address of her law firm and Plaintiff's address, which addresses are the same as those used by the Appeals Council during all relevant times (*see id.* at 20; *see also* footnote 3, *supra*). On June 20, 2007, the Appeals Council mailed to Attorney Syfrett a copy of the requested audiotape and a letter, in which Attorney Syfrett was advised that she may submit to the Appeals Council a statement or new, material evidence within twenty-five days of the date of the letter (Doc. 12-7 at 3, 22–23). A copy of the letter was mailed to Plaintiff (*id.* at 23). On July 12, 2007, via facsimile only, Attorney Syfrett submitted to the Appeals Council a letter/statement in support of Plaintiff's request for review (*see id.* at 3, 24–26). On March 21, 2008, the Appeals Council mailed to Plaintiff a notice of its decision denying Plaintiff's request for review, in which in relevant part the Appeals Council indicated it had reviewed Attorney Syfrett's letter dated July 12, 2007 (*see id.* at 3–4, 27–30). A copy of the notice was mailed to Attorney Syfrett (*id.* at 29). The notices "were placed in the custody of the United States Postal Service in the ordinary course of business according to the practice of the Office of Disability Adjudication and Review" ("ODAR"), and neither notice was returned as undeliverable (*see id.* at 3–4). The notices advised that Plaintiff had sixty days from the date of receipt of the notice to file a civil action in an appropriate United States District Court, and that the notice was presumed received five days after its date unless Plaintiff demonstrated otherwise (*id.* at 27–28).[4]

On August 4, 2008, in an unsigned letter addressed to the Appeals Council, Attorney Syfrett made the following assertions: 1) her law firm was advised by someone with the Appeals Council's office in Falls Church, Virginia, during a phone conversation on that date (August 4), that the Appeals Council had denied Plaintiff's request for review on March 21, 2008, 2) neither the Syfrett law firm nor Plaintiff received notice of the denial of review dated March 21, 2008, 3) that "as recent as July 15, 2008, we [the Syfrett law firm] were verbally informed during a routine follow-up phone call to your office that this case was still pending," and 4) that it "was during our call today [August 4] to check the correct branch fax number that we were informed [Plaintiff's] file has been

---

[4] Thus, Plaintiff's federal civil action must have commenced on or before May 27, 2008, sixty-five days from March 21, 2008, the date of the notice (the court's calculation excludes the sixty-fifth day for filing, Sunday, May 25, 2008, and the following day, Monday, May 26, 2008, which was a federal holiday). *See* Fed. R. Civ. P. 6(a)(3) (if the clerk's office is inaccessible on the last day for filing, "then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday").

closed" (Doc. 12-7 at 4, 35).[5]  In the unsigned letter Attorney Syfrett also requested an additional sixty days within which seek further review (*id.*).  Also on August 4, 2008, Attorney Syfrett faxed to the Appeals Council a copy of a letter dated April 8, 2008 (Doc. 12-7 at 4, 31).[6]  The April 8 letter states that Plaintiff was approved for DIB as of February 17, 2007, pursuant to a subsequently-filed application for benefits, and the Appeals Council was asked to "consider this evidence in conjunction with the memoranda and medical evidence in support of [Plaintiff's] request for review previously submitted on August 15, 2007, and July 12, 2007" (*id.* at 31).  Lastly, in the unsigned letter dated August 4, 2008 (in support of her assertion that she never received the Appeals Council's notice dated March 21, 2008), Attorney Syfrett referenced the letter dated April 8, 2008, stating, "In fact, on April 9, 2008, being unaware of the action taken, we faxed additional evidence for your consideration." (*id.* at 35).

On October 20, 2008, the Appeals Council sent to Attorney Syfrett via facsimile a copy of its notice of denial of review dated March 21, 2008 (Doc. 12-7at 4; Doc. 17-3).  The following day Plaintiff's counsel (or more specifically, Attorney Freeman "for" Attorney Syfrett) informed the Appeals Council via facsimile that on the previous day, October 20, 2008, she received the copy of the notice denying review, but—having not received a response to the request for additional time within which to file a civil action—she inquired as to whether such a request would be granted (Doc. 12-7 at 4; Doc. 12-4).  Also on October 21, 2008, Attorney Syfrett submitted to the Appeals Council a copy of the letter dated August 4, 2008 (which earlier-dated letter, in relevant part, advised that the Syfrett law firm had not received notice of the decision denying review dated March 21, 2008, and included a request for additional time within which to file a civil action, as discussed *supra*) (*see* Doc. 12-7 at 35; *see also* Doc. 12-7 at 4; Doc. 12-4).

By letter dated December 31, 2008, the Appeals Council granted an additional thirty days during which Plaintiff could file a civil action (Doc. 12-7 at 5; Doc. 12-5).  The letter to Attorney Syfrett "was placed in the custody of the United States Postal Service in the ordinary course of business according to the practice" of the ODAR, and the letter was not returned as undeliverable

---

[5] While it may be apparent, the court nevertheless notes here that the assertions in this letter (and other letters) are recited in this Report only to establish the content of the letter(s), not to establish the truth of the assertions, as those assertions fail to comply with the requirements for affidavits set forth in Fed. R. Civ. P. 56(e).

[6] The April 8 letter is addressed to the Appeals Council and is on Attorney Syfrett's letterhead, but the letter is signed by Attorney Heather F. Aloe "for" Attorney Syfrett (*see* Doc. 12-7 at 31).  Attorney Heather Freeman (who was formerly known as Heather F. Aloe (*see, e.g.*, Case No. 5:07cv52/MCR/EMT (N.D. Fla. 2008) (doc. 32) (order reflecting name change)), represents Plaintiff in the instant federal action (*see, e.g.*, Docs. 1; Doc. 12-4; Doc. 17-2).

(Doc. 12-7 at 5).[7]  In its letter, the Appeals Council advised that the thirty-day period would begin on the day the letter was received and that the letter was presumed received five days from its date (of December 31, 2008) unless Plaintiff demonstrated otherwise (Doc. 12-7 at 5; Doc. 12-5).[8]

Finally, in a facsimile dated February 11, 2009, on the letterhead of the Syfrett law firm, Attorney Freeman advised the Appeals Council that she "personally inquired as to the status [presumably the status of the request for an extension of time made via facsimile on October 21, 2008] on Attorney Syfrett's behalf on October 21, October 22, and October 23, 2008," and on October 23 she was informed that "the court branch was processing this matter" (Doc. 12-6). Attorney Freeman further stated that she again inquired about the status on November 12, 2008, and at that time she was advised that the matter remained pending and assured that a copy of the Appeals Council's action would be faxed (*id.*).  Finally, in the same facsimile, Attorney Freeman requested that a copy of the Appeals Council's Action be faxed to the Syfrett law firm on or before March 13, 2009 (Doc. 12-7 at 5; Doc. 12-6).[9]  On March 25, 2009, Attorney Freeman initiated the instant action in this court by filing a complaint on Plaintiff's behalf (Doc. 12-7 at 5; *see also* Doc. 1).

On August 19, 2009, the Commissioner filed the instant Amended Motion to Dismiss, in which he asserts that this action is subject to dismissal because Plaintiff failed to file her complaint within thirty days of her presumptive receipt of the Appeals Council's notice dated December 31, 2008, which notice established a filing date of February 4, 2009 (*see* Doc. 12; footnote 8, *supra*).

Plaintiff submitted two affidavits with her response to the Commissioner's motion, both of which are offered in support of:  1) Plaintiff's assertion that the notice dated December 31, 2008, was not received by Plaintiff or her attorney, and 2) Plaintiff's argument that the deadline for filing should be equitably tolled.  The first affidavit is Plaintiff's affidavit, dated September 15, 2009, wherein Plaintiff states in relevant part that she keeps all documents received from the Social

---

[7] The letter indicates that a copy was mailed to Plaintiff (*see* Doc. 12-5).

[8] Thus, Plaintiff's federal civil action must have commenced on or before February 4, 2009 (thirty-five days from the date of the letter).

[9] Mr. Baskerville has interpreted the statements made in this facsimile as statements or requests concerning the decision denying review dated March 21, 2008 (*see* Doc. 12-7 at 5).  For example, Mr. Baskerville states, "By facsimile dated February 11, 2009, Plaintiff's attorney maintained that she still had not received a copy of the Appeals Council's action dated March 21, 2008.  There is no explanation of the inconsistency between this information and the information contained in the prior facsimile dated October 21, 2008 [that is, the facsimile wherein Attorney Freeman stated that the decision denying review dated March 21, 2008, had been received]." (*id.*).  While the February 2009 facsimile does not mention the decision of the Appeals Council to which Attorney Freeman refers, the court interprets her statements as concerning the notice dated December 31, 2008; not only is the court's interpretation consistent with the time line of events, it is a view of the evidence in the light most favorable to Plaintiff.

Security Administration ("SSA") in a specific file folder and that she has reviewed her records and "found no letter from the Appeals Council dated 12/31/08 was received [sic] by me" (Doc. 17-2).[10] The second affidavit is from Terry Cowan, the office manager for the Syfrett law firm, and is dated September 2, 2009 (Doc. 17-3). Ms. Cowan states that in her capacity as the firm's office manager she receives, opens, and processes all mail, and she is the "custodian of all records with the firm" (*id.*). Ms. Cowen states she was asked by Attorney Freeman to review the firm's files and ascertain whether the firm received the Appeals Council's correspondence dated December 31, 2008, granting an additional thirty days in which to commence a civil action (*id.*). Ms. Cowen states that after a review of both "the file and the computer file" of Plaintiff she found no such correspondence, explaining that the firm's usual and customary practice is to open correspondence from the Appeals Council daily, manually date stamp such correspondence, and scan the correspondence "into the computer file for the claimant within a few days of the receipt" (*id.*). Ms. Cowen additionally states that if correspondence relates to the Appeals Council or Federal Court, the correspondence is attached to an email to Attorney Freeman and then physically filed in the "Appeals Councils Section" of a claimant's hard file (*id.*). Ms. Cowen explains that her review included a search for correspondence that would ordinarily involve Attorney Freeman, but the review revealed "no scanned copy [of the December 31 correspondence], no e-mail to Heather Freeman, and no copy of such notice in the hard file" (*id.*). Lastly, Ms. Cowen avers that the most recent correspondence she found during her review (other than the facsimile dated February 11, 2009) were the facsimile exchanges between the Appeals Council and Attorney Freeman on October 20 and 21, 2008 (*id.*).

II.     LEGAL STANDARDS

        A.     Summary Judgment

        A motion for summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2553–54, 91 L. Ed. 2d 265 (1986). Evidence presented by Plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to her. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999).

---

[10] Plaintiff's affidavit does not mention the March 21, 2008, decision of the Appeals Council denying review (Doc. 17-2). Likewise, the second affidavit submitted with Plaintiff's response is silent regarding the March 2008 notice (*see* Doc. 17-3).

In order to prevail on his motion for summary judgment, the Commissioner must show that Plaintiff has no evidence to support her case on the narrow issue raised in the motion. *See* Celotex Corp., 477 U.S. at 322–23. If the Commissioner successfully negates an essential element of Plaintiff's case, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact. *Id.* The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient. Celotex Corp., 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion. Celotex Corp., *supra*; Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'") (quoting Celotex Corp., 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c), (e))); Hammer v. Slater, 20 F.3d 1137 (11th Cir. 1994). Lastly, an affidavit supporting or opposing a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1).

B.      Review of the Commissioner's Final Decision

The United States "is immune from suit save as it consents to be sued," and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments. Lehman v. Nakshian, 453 U.S. 156, 160, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981) (quoting United States v. Testan, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976)). Congress waived sovereign immunity in 42 U.S.C. § 405(g), by giving federal courts jurisdiction to review and modify or reverse the Commissioner's decisions. *See* Huie v. Bowen, 788 F.2d 698, 705 (11th Cir. 1986). Thus, the remedies outlined in that statute are the exclusive source of federal court jurisdiction over cases involving DIB and SSI claims such as Plaintiff's. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

Section 405(g) provides that a claimant may obtain review of the Commissioner's decision by filing "a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . ." 42 U.S.C. § 405(g).[11] The Supreme Court has held "that application of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the congressional purpose and is nowhere eschewed by Congress." Bowen v. City of New York, 476 U.S. 467, 480, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986) (internal quotation marks and citiation omitted). Thus, "the doctrine of equitable tolling is available to a claimant whose § 405(g) challenge in the district court was untimely." Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007).

In Jackson, the Eleventh Circuit held that "traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances." 596 F.3d at 1353 (citing Waller v. Comm'r, 168 Fed. Appx. 919 (11th Cir. 2006)). The extraordinary circumstances standard "may be met 'where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her . . . .'" Id. (quoting Waller, 168 Fed. Appx. at 922). Extraordinary circumstances sufficient for equitable tolling may, similarly, include fraud, misinformation, or deliberate concealment, and whether the facts of a particular case demonstrate extraordinary circumstances is a fact-specific determination. Jackson, 506 F.3d at 1354–55 (citing Cabello v. Fernandez-Larios, 402 F.3d 1148, 1154 (11th Cir. 2005)).

Thus, in sum, a finding of extraordinary circumstances is necessary before the SSA's statutory period may equitably be tolled, "and this determination 'is reserved for extraordinary facts.'" Id. at 1353–54 (citing Cabello, 402 F.3d at 1148); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (noting that equitable tolling "is to be applied sparingly."). Indeed, the Eleventh Circuit has defined "extraordinary circumstances" narrowly. See, e.g., Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (equitable tolling is typically applied sparingly); Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), aff'd, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005) (equitable tolling is available "only in truly extraordinary circumstances"); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004)

---

[11] By regulation, 20 C.F.R. § 404.981, the Commissioner has interpreted "mailing" to mean the date that the claimant receives the decision; the Commissioner has further provided by regulation that the "[d]ate you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period." 20 C.F.R. § 404.901.

( per curiam ) (stating that equitable tolling is "'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence'") (citations omitted); *see also* <u>Wakefield v. Railroad Retirement Bd.</u>, 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to equitably toll AEDPA's statute of limitations on the basis of attorney negligence). Likewise, in <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 151–52, 104 S. Ct. 1723, 1726, 80 L. Ed. 2d 196 (1982) (per curiam), the Supreme Court indicated that a statutory period may be tolled in limited circumstances, i.e., where the delay resulted from conduct engaged in by other parties without any apparent negligence by the plaintiff. In such situations equity would not be served by barring the cause of action. *See also* <u>Bowen</u>, 106 S. Ct. at 2030 (noting that tolling may be appropriate in "the rare case such as this" where the government's secretive conduct prevented the plaintiffs from learning of their rights). The Supreme Court has also stated:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

<u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S. Ct. 453, 457, 112 L. Ed. 2d 435 (1990) (footnotes omitted). In this vein, the Eleventh Circuit has noted that "the interests of justice side with the defendant when the plaintiff does not file her action in a timely fashion despite knowing or being a position reasonably to know that the limitations period is running." <u>Justice v. United States</u>, 6 F.3d 1474, 1479 (11th Cir. 1993) (citations omitted).

III.    DISCUSSION

The Appeals Council denied Plaintiff's request for review on March 21, 2008 (notice of which was mailed to Plaintiff and Attorney Syfrett the same day), which denial rendered the ALJ's decision the final decision of the Commissioner. Thus, Plaintiff must have commenced this action on or before May 27, 2008, unless the Commissioner granted an extension of time within which to seek review (*see* footnote 4, *supra*). On December 31, 2008, the Commissioner granted Plaintiff an additional thirty days within which to commence a civil action, thereby extending the time during which she could commence such action through February 4, 2009 (*see* footnote 8, *supra*; *see also* Doc. 12-2 at 3). Plaintiff, through Attorney Freeman, filed this case on March 25, 2009 (Doc. 1). The Commissioner asserts that because Plaintiff did not file this matter within thirty days of her

presumptive receipt of the December 31, 2008, extension, the case is barred by the time limitations set forth in section 205(g) of the Act, 42 U.S.C. § 405(g).

Plaintiff contends neither she nor her attorney received notice of the Commissioner's extension granted December 31, 2008, and therefore, the complaint should be deemed timely filed and the Commissioner's motion denied. Plaintiff cites no caselaw or any statutory provision in support of her position, but the court construes her response as asserting that the limitations period should be equitably tolled. The Commissioner contends that the limitations period should not be equitably tolled because there are no extraordinary circumstances present in this case to justify such action, and similarly, that Plaintiff has failed to make a reasonable showing that neither she nor her attorney received the Appeals Council's notice of extension dated December 31, 2008.

Initially, the Commissioner has clearly demonstrated that Plaintiff failed to file her complaint in this court within thirty days of her presumptive receipt of the Appeals Council's notice dated December 31, 2008. "Once a defendant shows that the applicable statute of limitations bars the claim, the burden shifts to the plaintiff to demonstrate that an exception or tolling provision applies." Blue Cross & Blue Shield v. Weitz, 913 F.2d 1544, 1552 n.13 (11th Cir. 1990). At issue, therefore, is whether Plaintiff has shown that the Commissioner should be estopped from asserting the affirmative defense of statute of limitations. The court concludes that Plaintiff has not made such a showing.

Plaintiff asserts that the Commissioner failed to provide her or her attorney with notice of its decision denying review dated March 21, 2008 (until after the deadline for filing a civil action had expired), and failed to provide notice of the extension granted December 31, 2008 (until the notice was filed as an exhibit to the instant Amended Motion to Dismiss, filed August 19, 2009) (Doc. 17 at 1, 4–5). Plaintiff's assertions—made by Attorney Freeman in her response to the Commissioner's motion[12] and in letters or correspondence sent to the Appeals Council—are unsworn and, therefore, not subject to consideration on summary judgment as they fail to comply with the requirements set forth in Rule 56(e). Moreover, the assertions are belied by Mr. Baskerville's declaration and the exhibits attached to the Commissioner's motion, which establish that the Appeals Council's notices dated March 21, 2008, and December 31, 2008, were both placed in the custody of the United States Postal Service in the ordinary course of business according to the practice of the ODAR, they were mailed to Attorney Syfrett at the correct address of her law firm (which address is the same address used previously, and successfully, by the Appeals Council to mail

---

[12] For example, with regard to the December 2008 notice, Attorney Freeman states in the response that, "There is no indication that the notice was actually mailed." (Doc. 17 at 4).

correspondence to the Syfrett law firm), and the notices were not returned as undeliverable. Plaintiff has offered no evidence to rebut these facts. Thus, it is undisputed that the notices were "provided" by the Appeals Council to the extent the notices were placed in the custody of the United States Postal Service for mailing to Plaintiff's attorney. In light of these undisputed facts, the record establishes no misconduct by the government with regard to its obligation to notify Plaintiff of the relevant decisions of the Appeals Council. *See* Baldwin County Welcome Center, 466 U.S. at 151–52 (statutory period ordinarily should not be tolled where delay did not result from conduct engaged in by other parties without any apparent negligence by the plaintiff).

The court next addresses Plaintiff's contention that the notice dated December 31, 2008, was not received in a timely manner (*see, e.g.*, Doc. 17 at 4).[13] In support of this contention Plaintiff has offered the affidavits of herself and Ms. Cowen (which affidavits are the only materials submitted by Plaintiff that may properly be considered on summary judgment). Plaintiff's affidavit establishes that a copy of the notice is not contained within a file where all of her documents sent from the SSA are kept. However, Plaintiff was represented by counsel, and it was counsel's obligation to timely act on Plaintiff's behalf regardless of whether Plaintiff received notices from the Appeals Council. Thus, even if Plaintiff's affidavit is construed as establishing as fact that she did not receive the December 2008 notice (a finding the undersigned does not make), the affidavit does not establish that her attorney did not receive the notice, which attorney was obligated to preserve Plaintiff's legal rights. Similarly, Ms. Cowen's affidavit establishes that she searched the Syfrett law firm's records and did not find a copy of the December 2008 notice or an indication that the notice was received and processed in the usual and customary way. Again, however, while Ms. Cowen's affidavit establishes facts consistent with a finding that the Syfrett law firm did not receive the notice, the affidavit does not establish that Attorney Syfrett—the person to whom the notice is addressed—did not receive the notice. Indeed, glaringly absent from Plaintiff's submissions is an affidavit or declaration from Attorney Syfrett attesting to the contentions made by Attorney Freeman (including those now before this court and those made on Attorney Syfrett's behalf in correspondence with the Appeals Council) or simply stating under oath that she (Attorney Syfrett) never received the

---

[13] The issue of whether the March 2008 notice was timely received need not be discussed at length, if at all, because the Commissioner concedes that the Appeals Council's mailing dated December 31, 2008, is the operative mailing for determining the filing deadline for this action (and whether that deadline should be equitably tolled). The court notes, however, that the extension granted in December 2008 was granted only because Plaintiff asserted she and her attorney never received the notice dated March 21, 2008, which notice started the original filing-deadline clock, and that Plaintiff now makes the same assertion, that is, that another crucial notice from the Appeals Council—which notice triggered the extended filing-deadline clock—was not received. Although the relevant mailing is the later mailing, the court considers all relevant circumstances in considering whether extraordinary circumstances warrant equitable tolling, including the Commissioner's response to Plaintiff's first request for an extension.

December 2008 notice. Thus, after considering the Rule 56 evidentiary materials before this court, the undersigned concludes that no genuine issue of material fact exists regarding whether Attorney Syfrett timely received the Appeals Council's notice dated December 31, 2008, and thus whether Plaintiff has satisfied her burden of showing entitlement to equitable tolling.[14] On this basis alone the Commissioner's motion is due to be granted. *Cf.* Rhodes v. Commissioner of Social Sec., Case No. 09-14204, 2010 WL 3168247, at *3 (E.D. Mich. August 10, 2010) (finding equitable tolling warranted where claimant substantiated her claim that she never received notice from the Appeals Council with multiple letters from several governmental entities (including the United States Postal Service, United States Postal Inspection Service, and State of Illinois Attorney General's office), which ostensibly indicated that her mail had been improperly delivered on a number of occasions in the past; she provided a letter, as well as e-mail correspondence from an SSA employee, in which the employee acknowledged that he miscalculated the filing deadline and unintentionally misinformed claimant, who was then proceeding pro se, of the filing deadline; she submitted proof that her address had changed; and she filed her complaint only three days late, which filing date was the same date provided (erroneously) by the SSA employee).

Additionally, even if the issue of notice (that is, whether Attorney Syfrett timely received notice of the December 2008 extension) was deemed a fact in dispute, the undersigned concludes it is not a "material" fact in dispute, such that the Commissioner's properly supported motion must be denied. *See* Anderson, 477 U.S. at 248 (a fact is "material" if it "might affect the outcome of the suit under the governing law"). This is so because extraordinary circumstances justifying equitable tolling do not exist, even if the December 2008 notice was not timely received. There is no evidence that the Commissioner in any way misled Plaintiff, engaged in trickery or deceit, or otherwise

---

[14] Although Attorney Freeman argues in Plaintiff's response that the facsimile sent to the Appeals Council on February 11, 2009, would not have been necessary if the December 2008 notice had been received (*see* Doc. 17 at 5), the court is not persuaded by this argument. Attorney Freeman states in the facsimile that she communicated with the Appeals Council on three occasions in October 2008, and on one occasion in November 2008, and on each occasion she was advised that the matter was being processed or was pending (*see* Doc. 12-6). Although these statements are not properly considered on summary judgment, the court notes that the statements are consistent with the summary judgment record because the notice was not issued until December 2008, and further, that Attorney Freeman would have personal knowledge as to the veracity of those statements because she explicitly states she "personally inquired" on those four occasions (*see* Doc. 12-6). Attorney Freeman goes on to state in the facsimile, however, that, "To date we have not received a copy of the notice" and requests that such notice be provided in thirty days (presumably to the Syfrett law firm since she is using its letterhead) (*see* Doc. 12-6). The December 2008 notice, though, is addressed to Attorney Syfrett, and Attorney Freeman (whose office is in Chicago, Illinois (*see* Doc. 1)) would have no personal knowledge as to whether Attorney Syfrett (whose office is in Panama City, Florida) had received the notice as of February 11, 2009. Thus, her representations to the Appeals Council—apparently based on communications from the Syfrett law firm—do not establish for summary judgment purposes that Attorney Syfrett failed to timely receive the December 2008 notice.

induced Plaintiff into letting the statutory period expire.[15]  Indeed, the Commissioner's submissions show he fully complied with the obligation to notify Plaintiff and Attorney Syfrett of decisions of the Appeals Council.  Moreover, the Commissioner agreed to extend the deadline for commencing this action after receiving Plaintiff's first assertion that notices mailed to her by the Appeals Council had not been received; the fact the Commissioner declined to do so after receiving a second such assertion does not demonstrate any misconduct on his part (indeed, declining to do so a second time was reasonable).  Furthermore, this case was untimely filed despite Attorney Syfrett's "knowing or being in a position reasonably to know that the limitations period" had run.  Justice, 6 F.3d at 1479.  Similarly, reasonable means were available to Attorney Syfrett to discover that action had been taken by the Appeals Council and the nature of such action.  Thus, the late filing in this case is the result of counsel's lack of due diligence in preserving her client's rights, not the result of extraordinary circumstances that were both beyond Plaintiff's control and unavoidable even with diligence.  Wade, 379 F.3d at 1265.  See also Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005) (doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way);  Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 396–97, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (recognizing that in various contexts "clients must be held accountable for the acts and omissions of their attorney"); United States v. Boyle, 469 U.S. 241, 105 S. Ct. 687, 83 L. Ed. 2d 622 (1985) (holding that a client could be penalized for counsel's tardy filing of a tax return); Link v. Wabash R. Co., 370 U.S. 626, 633, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (finding that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client"); Mason v. Department of Justice, 39 Fed. Appx. 205, 207–08 (6th Cir. 2002) ("for purposes of determining whether equitable tolling applies, the actions of plaintiffs' attorneys are attributable to their clients") (citing Jarrett v. Kassel, 972 F.2d 1415, 1426 (6th Cir. 1992)).[16]

---

[15]  As previously discussed, in an unsigned letter from Attorney Syfrett dated August 4, 2008 (faxed to the Appeals Council on October 21, 2008), an assertion is made that the Syfrett law firm was erroneously advised by the Appeals Council on July 15, 2008, that no decision had yet been made on Plaintiff's request for review.  This assertion, however, is not considered here because it is not presented in the form of a sworn affidavit.

[16]  The undersigned has issued another Report and Recommendation today, in Case No. 5:09cv206/RS/EMT, in which the same recommendation is made (and which involves the same attorneys and same general time frame as the instant case).  While it may be coincidental, the circumstances suggest a need for more effective "checks and balances" within the Syfrett and/or Freeman law firm.

Congress intended section 205(g) to "compress the time for judicial review," <u>Matlock v. Sullivan</u>, 908 F.2d 492, 494 (9th Cir. 1990) (citation omitted), and Plaintiff has pointed to no "equities in favor of tolling the limitations period [that] are 'so great that deference to the agency's judgment is inappropriate.'" <u>Bowen</u>, 476 U.S. at 480 (quoting <u>Mathews v. Eldridge</u>, 424 U.S. 319, 330, 96 S. Ct. 893, 900, 47 L. Ed.2 d 18, 30–31 (1976)); *see also, e.g.,* <u>Ross v. Buckeye Cellulose Corp.</u>, 980 F.2d 648, 661 (11th Cir. 1993) (the burden is on the plaintiff to show that equitable tolling is warranted). The court therefore concludes that the doctrine of equitable tolling should not be applied in this case. Accordingly, the Commissioner is entitled to summary judgment on the ground that this action is barred by the statute of limitations.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

1.      That the Commissioner's Amended Motion to Dismiss (Doc. 12), considered by the court as a motion for summary judgment, be **GRANTED**.

2.      That within **SEVEN (7) DAYS** of the date of docketing an order adopting this Report and Recommendation, Plaintiff's counsel shall certify to the court that she has provided her client with a copy of this Report and Recommendation.

3.      That judgment be entered accordingly and the clerk be directed to close this file.

At Pensacola, Florida, this 24<u>th</u> day of September 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Any objections to these proposed recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**