IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LUCINDA S. HARDIN,

    Plaintiff,

v.                              CASE NO. 5:09cv94-RH/EMT

MICHAEL J. ASTRUE,

    Defendant.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation, ECF No. 23, and the objections, ECF No. 24. I have reviewed *de novo* the issues raised by the objections.

This order adopts the report and recommendation as the court's opinion with the additional analysis set out here. The order does not fully recount the history of the case or the legal standards set out in the report and recommendation.

By her complaint in this case, the plaintiff seeks judicial review of the administrative denial of her claim for social-security benefits. The deadline for filing the complaint was 60 days after receipt of the notice of the Appeals Council's denial of the plaintiff's request for review. The Appeals Council mailed the notice on March 21, 2008.

The plaintiff says that neither she nor her attorney received the mailed copy of the notice. But it is undisputed that the attorney had actual knowledge of the denial by August 4, 2008, because the attorney sent a letter to the Appeals Council on that date asserting that neither she nor the plaintiff had received the mailed copy of the March 21 notice. It is undisputed that by October 20, 2008, the attorney had in hand an actual copy of the March 21 notice, because the Appeals Council faxed it to her. The deadline for filing this lawsuit thus was 60 days later, or December 19, 2008, at the very latest, even giving the plaintiff the benefit of every doubt.

The attorney asked for an extension of time to file a complaint. When no response was received by December 19, the plaintiff should have filed the lawsuit. She did not. At that point the deadline passed.

As it turns out, by letter dated December 31, 2008, the Appeals Council rather generously granted an extension until 30 days after receipt of the letter. The letter said: "We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." ECF No. 12-5. The five-day period ran to February 4, 2009.

Remarkably, the plaintiff still did not file the complaint. She did so only on March 25, 2009, more than a year after the Appeals Council denied the request for review, more than eight months after the plaintiff's attorney admittedly knew it,

more than five months after the plaintiff's attorney had in hand an actual copy of the denial, and more than six weeks after the extended deadline as calculated based on the five-day presumption. These facts provide no basis for equitably tolling the deadline.

To be sure, the plaintiff says that neither she nor her attorney received the December 31 letter, and that the extended deadline thus did not expire before the lawsuit was filed. As the report and recommendation notes, the record omits any sworn testimony from the attorney on this point. But this does not matter; under the weight of authority, a mere denial of receipt is insufficient to overcome the contrary presumption.

Most of the cases arise from a plaintiff's failure to file a lawsuit within the initial 60-day period. The period runs from receipt of the notice. The date of receipt is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). The December 31 letter granting the plaintiff 30 more days to file a lawsuit in this case adopted a substantively-identical standard, saying the Appeals Council would assume receipt within five days "unless you show us that you did not receive it" within that period.

A long line of cases indicates that denying the timely receipt of the notice is

insufficient, standing alone, to extend the period for filing a lawsuit. *See, e.g.*, *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436-37 (6th Cir. 2007); *Garcia v. Comm'r of Soc. Sec.*, 53 F. App'x 192, 194-95 (3d Cir. 2002); *Velez v. Apfel*, 229 F.3d 1136, 2000 WL 1506193, at *1-2 (2d Cir. 2000) (table); *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Rivera v. Sec'y of Health & Human Servs.*, 39 F.3d 1188, 1994 WL 594739, at *1 (9th Cir. 1994) (table); *Piscopo v. Sec'y of Health & Human Servs.*, 27 F.3d 554, 1994 WL 283919, at *4 (1st Cir. 1994) (table); *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987); *Skyles v. Astrue*, No. 4:08CV1933 AGF, 2009 WL 2382357, at *3-4 (E.D. Mo. July 30, 2009); *Velazquez v. Massanari*, No. 4:00CV3320, 2002 WL 246760, at *1 (D. Neb. Feb. 21, 2002); *Marte v. Apfel*, No. 96 Civ. 9024(LAP), 1998 WL 292358, at *2-3 (S.D.N.Y. June 3, 1998); *Roberts v. Shalala*, 848 F. Supp. 1008, 1015-17 (M.D. Ga. 1994); *Leslie v. Bowen*, 695 F. Supp. 504, 506-07 (D. Kan. 1988); *Skelton v. Bowen*, Civ. No. 87-5010, 1988 WL 34287, at *1-2 (D.N.J. Apr. 5, 1988); *Rouse v. Harris*, 482 F. Supp. 766, 769 (D.N.J. 1980); *see also Pence v. Shalala*, No. 94-CV-6154, 1996 WL 805070, at *6 (D.N.J. Feb. 15, 1996). The Eleventh Circuit's treatment of the analytically distinct but similar issue of the alleged failure to receive a notice under Title VII is equally unsympathetic to a mere denial of timely receipt.

To be sure, there are cases that could be cited on the other side of the issue. But those generally involve additional circumstances. Thus, for example, in *Lee v. Barnhart*, No. CIV.A.02-10114-RGS, 2002 WL 1034711 (D. Mass. May 22, 2002), the plaintiff had moved, the postal forwarding order had expired, and the mails had been disrupted in the area by the anthrax scare. Here, in contrast, there is nothing to suggest that the Appeals Council sent the notice to the wrong address or that anything else might explain the alleged repeated failures to receive the December 31 notice and other mail in the case. And nothing explains the long delays after the plaintiff and her attorney admittedly knew about and had in hand a copy of the Appeals Council's denial of the claim.

The lawsuit was filed too late. Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The Commissioner's amended motion to dismiss, treated as a motion for summary judgment, ECF No. 12, is GRANTED. The clerk must enter judgment and close the file.

SO ORDERED on November 5, 2010.

s/Robert L. Hinkle<br>United States District Judge